IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **TERRI GWINN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED**<br>    *Plaintiff*,<br><br>v.<br><br>**AFFILIATE ASSET SOLUTIONS, LLC**<br>    *Defendant* | §<br>§<br>§<br>§   CIVIL ACTION NO. 3:20-cv-485<br>§<br>§<br>§   JURY<br>§<br>§<br>§<br>§ |

## ORIGINAL CLASS ACTION COMPLAINT

### *Jury Trial Requested*

Plaintiff Terri Gwinn (hereinafter "Plaintiff") files this Original Class Action Complaint. Plaintiff institutes this action in accordance with, and to remedy violations by, Defendant Affiliate Asset Solutions, LLC (hereinafter "Defendant") of the Fair Debt Collection Practices Act, 15 U.S.C.A. §1692, *et seq.* (hereinafter "FDCPA") and the Texas Debt Collection Act, TEX. FIN. CODE § 392.001, *et seq.* (hereinafter "TDCA"). Plaintiff brings this action individually and on behalf of all other persons similarly situated (hereinafter "Class Members") to recover damages and to enjoin Defendant from its unlawful conduct.

### I.
### PARTIES

1.  Plaintiff Terri Gwinn is a natural person who resides in Dallas County, Texas and is a "consumer" as defined by 15 U.S.C. §1692a(3) and TEX. FIN. CODE § 392.001(1).

2.  Defendant Affiliate Asset Solutions, LLC is a Delaware Limited Liability Company which operates as a collection agency. Its primary business is the purchase of delinquent and defaulted

debt and/or the collection of debt owed to others and is, therefore, considered to be a "debt collector" as the term is defined and understood pursuant to 15 U.S.C. § 1692a(6) and TEX. FIN. CODE § 392.001(6). Its principal place of business is at 145 Technology Parkway, Suite 100, Peachtree Corners, Georgia 30092 and it may be served with process by serving its registered agent, C T Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201-3136.

3. All conditions precedent to Plaintiff proceeding with this lawsuit have occurred.

## II.
## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2). Plaintiff alleges several nationwide classes, which will result in at least one class member from each class belonging to a state different than the state in which the Defendant is deemed to reside.

5. Pursuant to 28 U.S.C.A. § 1367(a), Plaintiff and Class Members invoke the supplemental jurisdiction of this Court to hear and decide claims against the Defendant arising under state law.

6. Venue in this District is appropriate under 28 U.S.C.A. §§ 1391 (b) and (c) and 1441(a) because: (i) Defendant is actively doing business in this State and is subject to personal jurisdiction throughout the State; (ii) Defendant transacts business in the State and in the District by and through the collection of consumer debts in this State and District; and (iii) a substantial part of the acts, transactions, events and/or omissions giving rise to the claims occurred in this District. Venue is also proper in this District because Plaintiff has resided in this District at all times relevant to these claims.

## III.
## THE FAIR DEBT COLLECTION PRACTICES ACT,
## ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

7.      In enacting the FDCPA, Congress explicitly found that there was "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" that "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). As stated in the preamble to the law, the purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors . . . to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). "The statute is designed to protect consumers from unscrupulous collectors, regardless of the validity of the debt." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 341 (7th Cir. 1997) *citing Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982). Given this purpose, it logically follows that "[t]he FDCPA does not require proof of actual damages as a condition to the recovery of statutory damages." *Smith v. Procollect, Inc.*, 2011 WL 1375667, *7 (E.D. Tex. April 12, 2001) (citations omitted). "In other words, the FDCPA 'is blind when it comes to distinguishing between plaintiffs who have suffered actual damages and those who have not.'" *Id. quoting Keele v. Wexler*, 149 F.3d 589, 593-594 (7th Cir. 1998).

## IV.
## FACTS RELATED TO PLAINTIFF TERRI GWINN

8.      On or before May 22, 2014, an obligation (the "Debt") was allegedly incurred by Plaintiff Terri Gwinn to the original creditor, Texas Health Dallas ("Creditor").

9.      The Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes and therefore it meets the definition of a "debt" under 15 U.S.C. § 1692a(5) and TEX. FIN. CODE § 392.001(2).

10.     Creditor is a "creditor" as defined by 15 U.S.C. § 1692a(4).

11. On or before April 19, 2017, the Debt was assigned to, purchased by, or transferred to Defendant for collection, or Defendant was employed by Creditor to collect the Debt.

12. Defendant meets the definition of a "debt collector" under TEX. FIN. CODE § 392.001(6) and 15 U.S.C. § 1692a(6).

13. Defendant contends that the Debt is in default.

14. On or about April 19, 2017, Defendant mailed a letter to Plaintiff in an attempt to collect the Debt. (Exhibit A)

15. On April 27, 2017, Plaintiff responded with a letter disputing the validity of the debt, requesting validation of the debt and requesting that Defendant "cease further communication… regarding this debt." (Exhibit B)

16. Plaintiff never received a subsequent validation of the Debt.

17. On or about February 28, 2019, Defendant mailed Plaintiff another letter (hereinafter referred to as "the letter") in an attempt to collect the Debt. (Exhibit C)

18. The letter failed to validate the debt and failed to mention that the legal time limit for suing to collect the Debt had expired and what the ramifications of making a payment would be.

19. The April 19, 2017 and February 28, 2019 letters sent by Defendant meet the definition of "debt collection" under TEX. FIN. CODE § 392.001(5) and the definition of "communication" as defined by 15 U.S.C. §1692a(2).

20. In sending these letters, Defendant engaged in "communications" as defined by 15 U.S.C. § 1692(a)(2).

21. As of February 28, 2019, more than four years had elapsed since the last payment or activity on the Debt that was the subject of the letter.

22. Defendant failed to inform the Plaintiff that should she pay on the debt, this would have

the effect of resetting and restarting the statute of limitations applicable to the collection of the debt.

23. The letter did not inform the Plaintiff that should the statute of limitation reset, that Defendant, or any subsequent buyer of the alleged debt, may have the right to commence legal action, which otherwise would have been time barred.

24. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA and the TDCA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

25. The above unlawful practices are Defendant's routine procedures for collecting consumer debts.

26. The collection or attempted collection of consumer debts in the aforementioned manner violates both state and federal collection laws.

## V.
## CLASS ALLEGATIONS

27. This action is maintained as a class action on behalf of the following described classes (hereinafter collectively referred to as "the Classes"):

   a. Texas Class: All persons who reside in Texas and from whom, on or after February 26, 2018, Defendant sought to collect, or did collect, a time-barred consumer debt and to whom Defendant communicated an offer of payment terms which communication also failed to inform the person that the statute of limitations would reset and restart upon partial payment.

   b. US Class: All persons who reside in the United States and from whom, on or after February 26, 2019 Defendant sought to collect, or did collect, a consumer debt and to whom Defendant sent a letter that failed to mention that should the recipient pay on the debt, this would have the effect of resetting and restarting the statute of limitations applicable to the collection of the debt and that that Defendant, or any subsequent buyer of the alleged debt, may have the right to commence legal action, which otherwise would have been time barred.

> Excluded from each of the above Classes are all employees, including, but not limited to, Judges, clerks and court staff and personnel, of the United States District Court, their spouses, and any minor children living in their households. Also excluded are employees of Defendant, their spouses, and any minor children living in their households. Also excluded are Class counsel and their employees, their spouses, and any minor children living in their households.

28. The unlawful actions of Defendant entitle Plaintiff and each Class Member to statutory damages as well as injunctive relief.

29. The members of the Classes for whose benefit this action is brought are so numerous that joinder of all Class Members is impracticable. The exact number of Class Members is unknown to Plaintiff. However, the number of the Class Members is reasonably believed to be in the thousands, and they can be determined from records maintained by Defendant.

30. Plaintiff will fairly and adequately protect the interests of each Class Member and has retained counsel experienced and capable in class action litigation and in the fields of debt collection and consumer law. Plaintiff understands and appreciates her duty to each member of the Class under FED. R. CIV. P. RULE 23 and is committed to vigorously protecting the rights of absent Class Members.

31. Plaintiff is asserting claims that are typical of the claims of each Class Member she seeks to represent, in that Defendant engaged in the collection and/or attempted collection of debts from each Class Member she seeks to represent in the same manner—and utilizing the same method—as Defendant utilized against Plaintiff. All claims alleged on behalf of each Class Member flow from this conduct. Further, there is no conflict between Plaintiff and any Class Member with respect to this action.

32. There is a well-defined community of interest in the questions of law and fact affecting the parties to be represented. Questions of law and fact arising out of Defendant's conduct are common

to all Class Members, and such common issues of law and fact predominate over any questions affecting only individual Class Members.

33. Issues of law and fact common to members of both classes include, but are not limited to, the following:

    a. Whether Defendant is a "debt collector" as that term is defined by the Fair Debt Collection Practices Act;

    b. Whether Defendant's failure to notify a consumer debtor that by making — or agreeing to make — partial payment that the statute of limitation applicable to the collection of the debt will be restarted is a violation of 15 U.S.C.A. § 1692e;

    c. Whether Defendant's actions constitute a violation of 15 U.S.C.A. § 1692e(2)(A) by falsely representing the character, amount, or legal status of any debt;

    d. Whether Defendant's actions constitute a violation of 15 U.S.C.A. § 1692e(10) by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a customer;

    e. Whether Defendant is liable for damages and the amount of such damages; and

    f. Whether Plaintiff and Class members are entitled to an award of attorneys' fees and costs.

34. The relief sought by each Class Member is common to the entirety of each respective class.

35. Defendant has acted on grounds generally applicable to each member of each of the Classes, thereby making formal declaratory relief or corresponding injunctive relief appropriate with respect to the Classes as a whole. Therefore, certification pursuant to FED. R. CIV. P. 23(b)(2) is warranted.

36. For each of the Classes, this action is properly maintained as a class action in that the prosecution of separate actions by individual members would create a risk of adjudication with respect to individual members which would establish incompatible standards of conduct for Defendant.

37. This action is properly maintained as a class action in that the prosecution of separate actions by Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interests.

38. A class action is superior to other available methods for the fair and efficient adjudication of the claims asserted herein given that, among other things:

   a. significant economies of time, effort, and expense will inure to the benefit of the Court and the parties in litigating the common issues on a class-wide instead of a repetitive individual basis;

   b. the size of the individual damages claims of most Class Members is too small to make individual litigation an economically viable alternative, such that few Class Members have any interest in individually controlling the prosecution of a separate action;

   c. without the representation provided by Plaintiff herein, few, if any, Class Members will receive legal representation or redress for their injuries;

   d. class treatment is required for optimal deterrence;

   e. despite the relatively small size of the claims of many individual Class Members, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost effective basis, especially when compared with repetitive individual litigation;

   f. no unusual difficulties are likely to be encountered in the management of this class action;

   g. absent a class action, Defendant's illegal conduct shall go unremedied and uncorrected; and

   h. absent a class action, the members of the class will not receive compensation and will continue to be subjected to Defendant's illegal conduct.

39. Concentrating this litigation in one forum would aid judicial economy and efficiency, promote parity among the claims of the individual members of the class, and result in judicial consistency.

## VI.
## CAUSES OF ACTION

### COUNT ONE
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.*

*Brought by Plaintiff, individually and on behalf of Both Classes*

40. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

41. Defendant is a debt collector as defined by the FDCPA. *See* 15 U.S.C. § 1692a(6).

42. Plaintiff is a consumer as defined by the FDCPA. *See* 15 U.S.C. § 1692a(3).

43. The Debt that Defendant sought to collect was a consumer debt as defined by the FDCPA. *See* 15 U.S.C. § 1692a(5).

44. Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant attempted to collect a debt using false, deceptive, or misleading representation or means in connection with the collection of the debt.

45. Defendant's conduct violated 15 U.S.C. 1692e(2)(A)&(B) in that Defendant made false, deceptive, and misleading representations concerning the character, amount, or legal status of the Debt or any amount which may be collected or sought to be collected by a debt collector in connection with the collection of a debt.

46. Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendants used a false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer.

47. Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendants used false representation or deceptive means in an attempt to collect a debt, when it failed to notify Plaintiff that by making a payment, the statute of limitations would restart.

48. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendants used an unfair and unconscionable means to collect or attempt to collect a debt.

49. Defendant's conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to provide written notice to Plaintiffs of their rights, among other rights, to dispute the debt and to demand validation of the debt.

50. Congress enacted the FDCPA to prevent real harm. The harm that Plaintiff has alleged is exactly the harm Congress targeted by enacting the FDCPA. Congress "elevat[ed]" these "concrete, de facto" injuries "to the status of legally cognizable injuries." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016). Its aim was "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e).

51. As a result of Defendant's violations of 15 U.S.C. § 1692, *et seq.*, Plaintiff and Class members are each entitled to actual and statutory damages.

52. Plaintiff and FDCPA Class members are also entitled to an award of attorneys' fees and costs.

**COUNT TWO**
**VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT,**
**TEX. FIN. CODE § 392.001,** *et seq.*

*Brought by Plaintiff, individually and on behalf of the Texas Class*

53. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

54. The acts of Defendant constitute violations of the TDCA. *See* TEX. FIN. CODE § 392.001 *et seq.*

55. Defendant is a "debt collector" as defined by the TDCA. *See* TEX. FIN. CODE §§ 392.001(6).

56. Plaintiff is a "consumer" as defined by the TDCA. *See* TEX. FIN. CODE § 392.001(1).

57. The Debt that Defendant sought to collect was a consumer debt as defined by the TDCA. *See* TEX. FIN. CODE § 392.001(2).

58. The TDCA limits the rights of debt collectors in an effort to protect the rights of consumers.

59. TEX. FIN. CODE § 392.304(a)(8) states, in pertinent part, that "a debt collector may not use a fraudulent, deceptive, or misleading representation that employs . . . misrepresenting the character, extent, or amount of a consumer debt."

60. Defendant's conduct violated TEX. FIN. CODE § 392.304(a)(8) in that Defendant used a deceptive and misleading representation in its attempts to collect a debt when it failed to notify Plaintiff that by making a payment, the statute of limitations would restart.

61. TEX. FIN. CODE § 392.304(a)(19) prohibits the use of any "deceptive means to collect a debt." Defendant's conduct violated TEX. FIN. CODE § 392.304(a)(19) in that Defendant's failure to notify Plaintiff that by making a partial payment, the statute of limitations would restart was a deceptive means to collect the Debt.

62. Defendant's actions violated TEX. FIN. CODE § 392.304(a)(19) by using false representations or deceptive means to collect a debt.

63. As a result of Defendant's violations of the TDCA, Plaintiff and Texas Class Members are entitled to and do seek an injunction against Defendant to prevent or restrain further violations. TEX. FIN. CODE § 392.403(1).

64.     Defendant's described actions in violation of the Texas Debt Collection Act have directly and proximately caused Plaintiff and Class Members injury for which they are entitled to actual damages, statutory damages and reasonable attorneys' fees and costs, declaratory relief, injunctive relief and other legal and equitable relief pleaded herein.

## VII.
## VICARIOUS LIABILITY

65.     At all times relevant hereto, the individual debt collectors who contacted or attempted to contact Plaintiff and the Class Members were employed by Defendant and were working in the course and scope of their employment with Defendant. Defendant had the right to control their activities. Therefore, Defendant are liable for their actions, inactions, and conduct which violated the FDCPA and the TDCA and proximately caused damage to Plaintiff and each member of the classes as described herein.

## VIII.
## JURY REQUEST

66.     Plaintiff requests that this matter be tried before a jury.

WHEREFORE, Plaintiff and the Class Members pray that the Court enter judgment in their favor against Defendant as follows:

a. Enter an order certifying this action as a class action pursuant to FED. R. CIV. P. 23(b)(2) and/or 23(b)(3).
b. Declaring:
   i.   Defendant's actions violated the FDCPA; and
   ii.  Defendant's actions violated the TDCA;
c. Enjoin Defendant from committing further violations of the FDCPA and the TDCA;
d. Awarding Plaintiff and Class Members actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant;
e. Awarding Plaintiff and Class Members statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendant;

 f. Awarding Plaintiff and Class Members actual and statutory damages and penalties under the TDCA;

 g. Awarding Plaintiff and Class Members reasonable attorneys' fees, expenses and costs pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant, including treble damages under 47 U.S.C.A. § 227(b)(3);

 h. Awarding Plaintiff and Class Members punitive damages; and

 i. Granting such other relief that equity and the law deems appropriate.

Dated:  February 26, 2020   Respectfully submitted,

           By: /s/ Walt D. Roper
            Walt D. Roper
            TX State Bar No. 00786208
            **THE ROPER FIRM, P.C.**
            3131 McKinney Avenue, Suite 600
            Dallas, TX 75204
            Telephone: 214-420-4520
            Facsimile: 1+214-856-8480
            Email: walt@roperfirm.com

           **ATTORNEY FOR PLAINTIFF**